IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY J. HERRON,

        Plaintiff,                      No. CIV S-04-0964 DFL CMK

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                FINDINGS & RECOMMENDATIONS

        This matter is now before the court on an application for fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d). (Doc. 22.) For the reasons discussed below, the undersigned recommends that plaintiff's motion for an award of fees and costs under the EAJA be granted in the total amount of $8,763.03.

**I.    Background**

        On March 17, 2000, plaintiff filed applications for Disability Insurance Benefits and Social Security Income Benefits. The claims were denied throughout the administrative process. The plaintiff then filed a complaint on May 18, 2004, seeking judicial review of the Commissioner's decision. Plaintiff filed a motion for summary judgment on January 24, 2005. On April 8, 2005, the parties filed a stipulation for remand, and on April 19, 2005, the court

entered a judgment remanding this case for further administrative proceedings.  On May 19, 2005, plaintiff's counsel filed an application for fees, with supporting evidence, totaling $8,763.03 for 55.25 hours of work.   The Commissioner challenges the amount requested, arguing that the amount of time spent was unreasonable and excessive.

**II.     Discussion**

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  In social security appeals such as this, the Commissioner bears the burden of showing that her decision to deny benefits was substantially justified "to a degree that could satisfy a reasonable person."  See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  In this case the Commissioner does not challenge the plaintiff's entitlement to fees, and the court's own review of the record does not reveal any special circumstances which would render an EAJA award unjust.  See 28 U.S.C. §. 2412(d)(1)(A).  Thus, the court concludes that the position of the Commissioner was not justified and that reasonable fees should be awarded under the EAJA.

Having concluded that an EAJA award is proper, the court moves to the contested issue of whether the amount sought by plaintiff's counsel is reasonable.  With respect to attorney's fees, plaintiff's counsel requests a total of  $8,763.03 for 55.25 hours of work.  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ⋯ justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The rates submitted by plaintiff's counsel are adjusted to account for cost of living increases–a rate of $155.05 per hour in 2004 and $158.72 per hour in 2005.  To support these adjustments, plaintiff's counsel submits the United States Department of Labor's Consumer Price Index, which according to the Ninth Circuit, constitutes proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than the statutory cap.  See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001); see

also, Motion for Fees at Ex. 2 (doc. 22). The Commissioner does not challenge the hourly rates proposed by plaintiff's counsel. The court's own review of the plaintiff's evidence indicates that the figures are accurate. Accordingly, the court finds that the hourly rates proposed by plaintiff's counsel are reasonable.

The court next moves to the itemized accounting of attorney time that plaintiff's counsel submitted in support of the fee application. According to plaintiff's counsel, she spent 55.25 hours on the appeal, including 6 hours reviewing and marking the record and reviewing onset cases; 10.5 hours drafting a summary of relevant medical evidence section; 4.25 hours drafting a summary of relevant testimony evidence; and another 29.7 hours drafting, editing and finalizing the motion for summary judgment. See Motion for Fees at Ex. 1 (doc. 22). The Commissioner challenges this figure as unreasonable and excessive considering the routine issues presented in this case and plaintiff's counsel's extensive experience in social security appeals. See Opp'n to Plf.'s Mot. For Award of Attorney Fees Under the EAJA (hereinafter defendant's opposition) at 4-5 (doc. 25). The Commissioner argues that plaintiff's counsel raised "routine issues" of whether plaintiff was properly advised of his right to counsel, whether his subjective complaints were properly evaluated, whether medical evidence and opinion were properly evaluated, and whether the record was fully developed. See id. at 4. The Commissioner takes exception to the amount of time that plaintiff's counsel spent reviewing the record and contends that plaintiff's counsel spent an inordinate amount of time arguing irrelevant issues. See id. at 6. For example, the Commissioner argues that plaintiff's counsel spent an inordinate amount of time arguing that evidence dated in 1999 and 2000, which was well after plaintiff's last insured date, should have been considered by the Administrative Law Judge. See id. The Commissioner suggests that it would be reasonable to compensate plaintiff's counsel for thirty hours for a total of $4,755.35. See id. at 7.

In response, plaintiff's counsel points the court towards a decision in which a District Court in the Central District of California stated that "Social Security cases are fact-

3

intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000); see Plf.'s Reply to Defendant's Opposition (hereinafter Plaintiff's reply) at 2 (doc. 26). Plaintiff's counsel also points out that the amounts of time she claims were well within the approved range of reimbursement and that the issue of whether evidence after 1999 and 2000 should have been considered is a substantive issue and whether such argument was legally untenable is not at issue here. See id. at 3.)

After reviewing the materials submitted in connection with this appeal, the court is not persuaded that plaintiff's counsel's billing is unreasonable and excessive. The record consists of approximately 215 pages of medical records. It would be reasonable for counsel to spend approximately 3.5 hours reviewing these records and to spend an additional 2.5 hours reviewing onset cases. The substantive summary judgment brief filed by plaintiff is very comprehensive and includes numerous case citations and references to the record. Further, the court notes that plaintiff's counsel expended the largest amount of time writing, editing and finalizing the summary judgment brief. While some of the issues may have been routine or be judged by the Commissioner to be legally untenable, the court is loath to, in hindsight, conclude that plaintiff's counsel spent an inordinate amount of time developing plaintiff's arguments on summary judgment. In short, the court cannot find that another reasonable and prudent attorney would not have undertaken such services and expended as much time to protect her client's interests. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 839 (9th Cir. 1982).

Accordingly, IT IS RECOMMENDED that plaintiff's motion for an award of fees and costs under the EAJA be granted in the total amount of $8,763.03.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   July 7, 2006.

                                                                    **CRAIG M. KELLISON**
                                                                    UNITED STATES MAGISTRATE JUDGE